# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE MOSES, | : | No. 3:08cv1939 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| THE LAW OFFICE OF HARRISON | : | |
| ROSS BYCK, PC, WILLIAM | : | |
| SELTZER, DBG COLLECTION, INC., | : | |
| and CACH, LLC | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss the instant action by CACH, LLC, which is based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "the Act"). The matter has been fully briefed and is ripe for disposition.

## I. BACKGROUND

The instant action deals with alleged unfair debt collection practices by the defendants. A collection letter dated May 6, 2008 was sent by the Law Office of Harrison Ross Byck ("Law Office"), to Plaintiff Marlene Moses, indicating that they were retained to collect a debt of $8,245.67 on behalf of CACH, LLC. (Amended Complaint (Doc. 12), "Ex. A," "the Letter") (hereinafter "Complt."). The plaintiff avers that the Letter, signed with a facsimile

signature of Attorney Byck, was a false, deceptive, and misleading representation under 15 U.S.C. § 1692e since Attorney Byck is apparently not an attorney at the Law Office, but rather is an employee of DBG Collection, Inc. ("DBG"). (Id. at ¶¶ 13-20). According to the plaintiff, DBG sent the allegedly misleading form letter, using the coercive influence that a law office might provide, in an attempt to collect the purported debt from her. (Id. at ¶ 21).

The plaintiff also alleges that two phone calls were placed to her residence by Defendant William Seltzer, who told her that "the sheriff would come and take the contents of her house if she did not pay the debt." (Id. at ¶¶ 25-27). Because Defendant Seltzer used a fictitious name when placing these calls, the plaintiff maintains that the Seltzer failed to meaningfully disclose his identity, in violation of 15 U.S.C. § 1692d(6). (Id. at ¶¶ 24, 28). Plaintiff also avers that Defendant CACH, LLC is vicariously liable for alleged violations of the FDCPA as the debt holder who enlisted DBG, the Law Office, and Seltzer as agents to collect the debt on behalf of CACH, LLC. (Id. at ¶¶ 29-31).

Subsequently, CACH, LLC filed a motion to dismiss pursuant to Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its

present posture. CACH , LLC primarily argues that it is not a "debt collector," as defined by 15 U.S.C. § 1692a, nor can it be held vicariously liable under the FDCPA, since it is a "creditor" for purposes of the Act. (Doc. 21, 22).

## II. JURISDICTION

Because this case is brought pursuant to the FDCPA, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## III. STANDARD OF REVIEW

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of"

3

each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a

motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV. DISCUSSION**

In its brief in support of the motion to dismiss, CACH, LLC advances two arguments**:** (1) CACH, LLC is not a debt collector as defined by the FDCPA, but is, in actuality, a creditor; and (2) since CACH, LLC is a creditor it cannot be held vicariously liable for the actions of DBG, the Law Office, and Defendant Seltzer under the FDCPA.

The Third Circuit has generally described the FDCPA as follows:

> The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors.  Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir.2000) (citing Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir.1987)). The "threshold requirement of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.' " Id.; see 15 U.S.C. §§ 1692e-f. The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §

5

> 1692a(5). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3).

Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 232 (3d Cir. 2005).

The provisions of the FDCPA generally apply only to debt collectors. Pollice, 225 F.3d at 403 (citation and internal quotations omitted). "Creditors – as opposed to debt collectors – generally are not subject to the FDCPA." Id. (citation and internal quotations omitted).

Regarding the terminology in question, "[a] 'debt collector' is broadly defined as one who attempts to collect debts 'owed or due or asserted to be owed or due another.'" F.T.C. v. Check Investors, Inc. 502 F.3d 159 (3d Cir. 2007) ("Check Investors") (quoting 15 U.S.C. § 1692a(6)). "A "creditor" is one who 'offers or extends to offer credit creating a debt or to whom a debt is owed.'" Id. (quoting 15 U.S.C. § 1692a(4)).

According to the Letter, Maryland National Bank is the original creditor, not CACH, LLC. (See Doc 12, "Ex. A"). At this stage of litigation, we are unsure how CACH, LLC acquired the debt from Maryland National Bank and there is no evidence as to whether CACH, LLC is exclusively a creditor or debt collector by practice. Regardless, the status of a debt-acquiring entity is contemplated in the FDCPA, albeit through exclusionary language. A

6

"creditor" for purposes of the FDCPA "does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Moreover, a "debt collector" "does not include – any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity. . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §1692a(6)(F)(iii). CACH, LLC can be either a "debt collector" or "creditor," for purposes of the FDCPA, but not both. See Check Investors, 502 F.3d at 173 (citing Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003)).

Schlosser puts forth that the practices of the debt-acquiring entity must be examined before any such labeling may be made:

> For purposes of applying the Act to a particular debt, these two categories – debt collectors and creditors – are mutually exclusive. However, for debts that do not originate with the one attempting collection, but are acquired from another, the collection activity related to that debt could logically fall into either category. If the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.

323 F.3d at 536.

As such, the plaintiff has sufficiently pleaded enough facts to make it plausible that CACH, LLC is a debt collector for purposes of the FDCPA. The plantiff has alleged that CACH, LLC was engaged in the business of debt collection, acquired the purported debt after it was in default, and enlisted DBG and the Law Office to collect the debt. (Complt. at ¶ 29; "Ex. A"). Although the defendant contests this, the plaintiff has provided enough at this stage to convince us that more evidence is needed before determining CACH, LLC to be a debt collector or creditor under the Act.

CACH, LLC also argues against vicarious liability in its motion to dismiss. Because of the important distinction between debt collector and creditor, it is inappropriate to consider those principles of law at this stage. If the actions of DBG, the Law Office, and Defendant Seltzer indeed violated the FDCPA, attaching liability to CACH, LLC would depend heavily on facts not yet discovered. If CACH, LLC is a creditor, it would not be subject to the FDCPA or be held vicariously liable. On the other hand, CACH, LLC might be liable if it is determined to be a debt collector. We cannot reach any of these conclusions on the instant motion.

**CONCLUSION**

For the reasons stated above, the court will deny the motion to dismiss by defendant CACH, LCC in this action. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARLENE MOSES, | : | No. 3:08cv1939 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| THE LAW OFFICE OF HARRISON | : | |
| ROSS BYCK, PC, WILLIAM | : | |
| SELTZER, DBG COLLECTION, INC., | : | |
| and CACH, LLC | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 4th day of August 2009, Defendants' Motion to Dismiss the Complaint (Doc. 21) is hereby **DENIED.**

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**